IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| TORREY GRIFFIN, individually, as the legal guardian of minors RWR, ABG, and KRR, and as representative of the Estate of Shannon Rewis, deceased, <br><br> Plaintiff, <br><br> v. <br><br> COFFEE COUNTY, et al., <br><br> Defendants. | CIVIL ACTION NO.: 5:19-cv-92 |

**O R D E R**

This matter is before the Court on Plaintiff's Motion to Exclude Expert Testimony. Doc. 96.  Plaintiff challenges three experts—Dr. Robert Hall, Dr. Richard Kleiman, and Dr. Randall Wilcox—who seek to testify on behalf of Defendant Denise Waldron.  Plaintiff argues Drs. Hall and Wilcox's opinions are not relevant and do not assist the trier of fact and, thus, should be excluded.  Id.  In response, Defendants explain the relevance and helpfulness of their testimony primarily as it relates to the pending medical malpractice claim against Defendant Waldron.  See Doc. 115.  However, a claim for deliberate indifference to a serious medical needs claim is also pending against Defendant Waldron.  See Doc. 1.  Defendants are unclear about whether the testimony from the challenged experts is relevant or helpful as to the deliberate indifference claim or whether they will seek to have any, or all, of their experts provide

testimony on that claim.[1]  Additionally, Defendants explain Dr. Kleiman should be permitted to testify as a causation expert to rebut Plaintiff's expert, Dr. Sperry.  However, the Court excluded Dr. Sperry from testifying after Defendants made their arguments about Dr. Kleiman.[2]  Doc. 147.  It is unclear if Defendants seek to introduce Dr. Kleiman for any other purpose.

Given these ambiguities in the briefing, the parties are **ORDERED** to provide supplemental briefing on the matter consistent with the following instructions.

- Defendants are **DIRECTED** to submit a brief of **no more than 10 pages within 14 days** of this Order.  Defendants' brief should be limited to the issues described in this Order.  Defendants should provide a response to Plaintiff's Daubert challenge in the context of the pending deliberate indifference claim, primarily focusing on whether the experts intend to present relevant or helpful testimony on that claim.  Additionally, Defendants should explain whether they still anticipate calling Dr. Kleinman as an expert now that Dr. Sperry has been excluded from testifying, and if so, address Plaintiff's challenges as to him under Daubert.

- Plaintiff is **DIRECTED** to submit a response brief of **no more than 10 pages**.  Plaintiff's response is due **within 14 days of when Defendants' file their brief**.  Plaintiff should respond to Defendants' arguments on the ability of Defendants' experts to testify about the deliberate indifference claim only.

- The parties need not provide any additional background or factual information, except as it directly and materially relates to the issue of Defendants' experts' ability to offer expert testimony related to Plaintiff's pending deliberate indifference claim.

**SO ORDERED**, this 14th day of July, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]  Plaintiff's briefing can be fairly read to anticipate that the experts' testimony will focus on the medical malpractice claim.  It is understandable Defendants would also focus on the medical malpractice claim in their response.

[2]  The Court recognizes Plaintiff has filed objections to the undersigned's Order on the matter.  Doc. 148.  However, currently the undersigned's Order excluding Dr. Sperry remains the opinion of the Court.