# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| TORREY GRIFFIN, individually, as the legal guardian of minors RWR, ABF, and KRR, and as representative of the Estate of Shannon Rewis, deceased,<br><br>   Plaintiff,<br><br>v.<br><br>COFFEE COUNTY, et al.,<br><br>   Defendants. | CIVIL ACTION NO.: 5:19-cv-92 |

## ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's June 7, 2022 Order. Dkt. No. 148. Plaintiff objects to the Order on Defendant's motion to exclude, which excluded the expert testimony of Dr. Kris Sperry. Dkt. No. 147.

**I.   Background**

Defendants moved to exclude the expert testimony of Dr. Kris Sperry. Dkt. Nos. 87, 95, 100. Plaintiff identified Dr. Sperry, a forensic pathologist, as an expert. Plaintiff sought to have Dr. Sperry testify: (1) Mr. Rewis would not have died if

he had been provided earlier treatment for methamphetamine overdose; (2) the effect of Defendant Angela Denise Waldron, LPN's failure to ensure Plaintiff immediately received medical care after learning he ingested or consumed two grams of methamphetamine; and (3) what treatment would have been provided if Mr. Rewis had been transported to the hospital. Dkt. No. 118-9 at 6-7.

Defendants argued that, under Daubert v. Merrell Dow Pharmaceutical Inc., 508 U.S. 579 (1993), Dr. Sperry should be excluded because he is not qualified to testify regarding the treatment or survivability of a methamphetamine overdose and his opinions are unreliable. Dkt. Nos. 87, 137. The Magistrate Judge agreed and excluded Dr. Sperry from offering the above-described opinions because he is not qualified to do so and his methodology was not reliable. Dkt. No. 147. Plaintiff now challenges the Magistrate Judge's rulings. Dkt. No. 148.

## II. Legal Standard

When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety

2

of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, No. 4:12-CV-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

### III. Plaintiff's Objections to the Order

Plaintiff objects to the Magistrate Judge's Order applying Daubert and excluding Dr. Sperry from offering testimony on the survivability and treatment for a methamphetamine overdose. Dkt. No. 148. First, Plaintiff argues the Magistrate Judge erred in finding Dr. Sperry was not qualified. Id. at 7-15. Additionally, Plaintiff contends the Magistrate Judge incorrectly found Dr. Sperry's methodology unreliable. Id. at 15-24.

#### A.   Qualifications

The Magistrate Judge concluded Dr. Sperry was not qualified to offer testimony on the survivability and treatment for a methamphetamine treatment. Dkt. No. 147 at 5-12. First, Plaintiff argues the Magistrate Judge erroneously relied on Wilson v. City of Douglas, No 1:17-CV-634, Ord. at 7-9 (N.D. Ga. Sept. 26, 2019). Id. at 7-8. In Wilson, the district court considered whether Dr. Sperry was qualified to testify on the

3

initial treatment from a suspected exercise collapse associated with sickle cell trait ("ECAST") and whether the plaintiff would have survived if he had been treated promptly or transported to a hospital. The court excluded Dr. Sperry for two reasons—because he was not qualified to offer such testimony and because the opinion was unreliable. Id.

In her response to Defendants' motion, Plaintiff argued Dr. Sperry was found not qualified in Wilson because, in part, ECAST is a poorly understood medical condition. Dkt. No. 118 at 21-22. Plaintiff makes the same arguments here. The Wilson court did observe ECAST, and the proper treatment for it, is poorly understood. But this observation and the analysis flowing from it went to whether Dr. Sperry's opinion was reliable. Id. The court found Dr. Sperry not qualified because he has no experience or training in treating patients and instead is focused on investigating the cause of questionable injuries or deaths. Id. at 8. Thus, Plaintiff's argument the Magistrate Judge misinterpreted Wilson is without merit. The court in Wilson provided two rationales for excluding Dr. Sperry's testimony, and the reasoning finding him unqualified applies in this case.

Next, Plaintiff argues Dr. Sperry sufficiently understands a drug overdose to offer his proposed opinions. Dkt. No. 148 at 9-14. However, Plaintiff fails to explain what skill, training,

4

knowledge, experience, or education forms the basis of Dr. Sperry's understanding. Most of Plaintiff's argument focuses on whether Dr. Sperry is qualified to testify as a pathologist. Id. at 12-14. But he fails to address the distinction identified by the Magistrate Judge, i.e., the difference between pathology—which provides insight into how someone died—and course of treatment and preventability of death—which is what Dr. Sperry seeks to offer testimony about in this case.

Additionally, Plaintiff again points to cases in which Dr. Sperry was permitted to testify, but these cases did not include challenges to his qualifications. Id. Those cases also fail to demonstrate Dr. Sperry has been permitted to testify on survivability or treatment for a methamphetamine overdose. For example, Plaintiff relies on Frederick v. Swift Transp. Co., 591 F. Supp. 2d 1149, 1151 (D. Kan. 2008), aff'd, 616 F.3d 1074 (10th Cir. 2010). Dkt. No. 148 at 12. In Frederick, Dr. Sperry testified on the interpretation of a toxicology report and a driver's impairment, and his qualifications were not challenged. Dr. Sperry did not offer testimony about treatment or survivability, and the court did not consider whether he was qualified to testify on toxicology. Frederick does not support a finding Dr. Sperry is qualified in this matter.

Likewise, Denham v. Corizon Health Inc., No. 6:13-cv-1425, 2015 WL 3509294 (M.D. Fla. June 4, 2015), and Morris v. Macon-

5

Bibb Cnty. Consol. Gov't, No. 1:14-cv-0892, 2016 WL 7381703 (N.D. Ga. Oct. 28, 2018), on which Plaintiff relies, do not address any challenges to Dr. Sperry's ability to testify. Dkt. No. 148 at 13. These cases do not demonstrate Dr. Sperry is qualified to testify in this case.

Finally, Plaintiff points to the correctness of Dr. Sperry's opinion to show he is qualified. Id. at 14-15. However, when applying Daubert, a court is not concerned with the correctness of an expert's opinion. Seamon v. Remington Arms Co., LLC, 813 F.3d 983, 988 (11th Cir. 2016).

Plaintiff has failed to show the Magistrate Judge's determination Dr. Sperry is not qualified is clearly erroneous or contrary to law. Accordingly, the Court **OVERRULES** Plaintiff's Objections on the Magistrate Judge's finding that Dr. Sperry is not qualified to testify.

### B. Reliability

Plaintiff argues the Magistrate Judge incorrectly concluded Dr. Sperry's opinions are unreliable. Dkt. No. 148 at 15-24. Plaintiff contends because Dr. Sperry relied both on his experience and relevant medical literature, he did not need to connect his experience to the conclusions he reached. Id. at 15-16. Plaintiff relies on the Committee Notes to the 2000 Amendments to Federal Rule of Evidence 702, which state, "If the witness is relying solely or primarily on experience, then the

6

witness must explain how the experience leads to the conclusion reached, why that experience is a sufficient abasis for the opinion, and how that experience is reliably applied to the facts." Id. at 16.

Plaintiff's argument is unpersuasive. Implicit in the Magistrate Judge's decision is his conclusion Dr. Sperry relied primarily on his experience. Plaintiff has not shown this conclusion is clearly erroneous or contrary to law. Indeed, Dr. Sperry's report does not mention the medical literature on which he purportedly relied when forming his opinions. Dkt. No. 74-1. And, as Plaintiff himself acknowledges, the medical literature merely buttresses Dr. Sperry's theory of causation. Dkt. No. 148 at 18. The record does not demonstrate Dr. Sperry necessarily used the medical literature as part of his methodology when forming his opinions.

Moreover, even if Dr. Sperry relied on the medical literature in addition to his experience when forming his opinion, this does not excuse him from connecting his experience to the conclusions he reached. Thomas v. Hubtex Machinebau GmbH & Co KG, No. 7:06-CV-81, 2008 WL 4371977, at *7 (M.D. Ga. Sept. 23, 2008) (excluding an expert's opinion when he asserted causation opinion was based on literature he reviewed and his experience and formalized training but did not explain how his experience and training led to the conclusions he reached);

7

Simon v. HealthSouth of Sarasota Ltd. P'ship, No. 8:12-CV-236, 2021 WL 268496, at *5 (M.D. Fla. Jan. 27, 2021) (excluding an expert physician where "he fails to identify specific experiences or medical standards he relied on" in forming his opinion); Cosseboom v. Royal Caribbean Cruises Ltd., No. 1:20-cv-20343, 2020 WL 9071566, at *3 (S.D. Fla. Dec. 16, 2020) (explaining if a doctor is going to rely on his experience, "Rule 702 requires him to explain how that experience is reliably applied to his opinions and the facts").

Finally, Plaintiff devotes briefing to explaining the correctness of Dr. Sperry's opinion, suggesting this is a reason it should not be excluded. Dkt. No. 148 at 19-24. However, whether Dr. Sperry's conclusions are correct does not demonstrate Dr. Sperry's opinions are reliable. See Seamon, 813 F.3d at 988 (noting the court's focus must be "solely on principles and methodology, not on the conclusions that they generate").

Plaintiff has also failed to show the Magistrate Judge's ruling on Dr. Sperry's methodology is clearly erroneous or contrary to law. Accordingly, the Court **OVERRULES** Plaintiff's Objection on reliability. The Magistrate Judge's June 7, 2022

8

Order excluding Dr. Sperry remains the Order of this Court.

**SO ORDERED**, this \_\_\_19\_\_\_ day of \_\_\_July\_\_\_, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA